# Warner, Appellant, *v.* Berks County Poor Directors.

*Poor law—Poor directors—Employment of agent—Act of March 29, 1824, P. L. 200.*

1. Under the Act of March 29, 1824, P. L. 200, poor directors may in the exercise of their discretion, and without an ordinance, rule or regulation approved by the court of quarter sessions, appoint an agent by the year with a fixed salary per month to investigate applications for relief, to remove paupers and children when necessary, to collect moneys for the poor district, and to do such other work as may be required of him by the directors.

2. A corporation, municipal or private, has not only the power expressly conferred upon it by the act of incorporation, but also such implied powers as are reasonably necessary to effectuate the powers expressed. While it is true that public corporations are not to be charged unless authority exists in the law, yet the authority may be implied as well as expressed.

3. Public officers acting within the scope of their authority are not to be interfered with in the exercise of their discretion nor their judgment or decision in such matters dictated by the courts.

Argued Nov. 9, 1908.   Appeal, No. 226, Oct. T., 1907, by plaintiff, from judgment of C. P. Berks Co., March T., 1907, No. 34, for defendant on demurrer in case of L. Tyson Warner *v.* Berks County Poor Directors. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Demurrer to statement of claim.

Plaintiff's statement was as follows:

The directors of the poor and of the house of employment for the county of Berks is a corporation created under an Act of assembly approved March 29, 1824, P. L. 200, to which reference is hereby made as a part hereof and in pursuance of the authority therein contained has charge to all intents and purposes whatever of all matters relating to the poor of the county of Berks.

At a stated meeting of the said directors duly held on January 1, 1906, the following proceedings were duly had as appears by the minutes whereof a copy follows:

"Jan. 1, 06, the directors were not all present, J. C. Kessler, and George G. Ritter being present, Jacob Hollenbach being absent on account of sickness.

"The election of clerk, house agent and solicitor was taken up.

"Director Geo. Ritter nominated: G. Howard Ritter for clerk, L. Tyson Warner for house agent; Director J. C. Kessler seconded: Jos. R. Dickinson for solicitor.

"Moved by Kessler, seconded by Ritter, that the clerk, house agent and solicitor be elected by acclamation.

"Resolution passed by Board of directors:

"Whereas, the former employment of a house agent having been of great benefit and advantage to the poor district in the investigation of claims made upon us for pauper relief, the prevention of frauds upon the county, and general effectiveness of such agents, we deem it advisable and to the manifest pecuniary benefit of the county and poor district that such employment be continued, wherefore on motion of J. C. Kessler, seconded by George G. Ritter, Mr. L. Tyson Warner is employed as such (house agent) for the year 1906 at the salary of $60 per month.

"Mr. Warner appeared before the meeting and accepted such employment dating from to-day, Jan. 1, 1906."

The plaintiff, the said L. Tyson Warner, in pursuance of said contract, was continuously engaged during the year 1906 in the performance of the duties of said employment as a necessary attendant for the poor of said county under the direction of the said directors being required to investigate and inquire into all applications made to the said the directors of the poor and of the house of employment for the county of Berks for pauper relief and to ascertain the merits of such applications and make report thereof to said directors; to collect and gather all moneys or other property belonging to persons who are charges upon the said, the directors of the poor and of the house of employment for the county of Berks; to pay and deliver over such moneys and other property to the said the directors of the poor and of the house of employment for the county of Berks; to ascertain and investigate the settlement of persons applying to the said the directors of the poor and of the house

of employment for the county of Berks for relief and to make reports thereof to the said directors; to assist in removing paupers to the house of employment in the county of Berks and to the poor authorities of other districts in which paupers might have a legal settlement; to look after and remove to the proper places children who have become charges upon the said poor district upon the orders of said directors and in general to do and perform all such work relating to the poor of the county of Berks who have become or are likely to become charges upon the poor authorities as may be required by the said the directors of the poor and of the house of employment for the county of Berks and in all respects he discharged the duties of the said employment to the best of his ability and to the satisfaction of the said directors and his said services were reasonably worth the said sum of $60.00 per month.

The said directors in the month of January, 1906, as required by the act of March 29, 1824, sec. 12, made an estimate of the sum necessary for the support of the poor of the said county for the year ensuing the making of such estimate, to wit: the year 1906, and forwarded the sum to the county commissioners who provided sufficient sums for the payment of the said salary as well as for all other proper expenditures of the said directors to be paid by the county treasurer on orders drawn by the said directors as the same might be found necessary and the said appropriations were sufficient for the payment of the said salary as well as for all other proper expenditures of the said directors.

The said directors each month duly issued to the plaintiff in payment of said salary a warrant on the county treasurer for the sum of $60.00 duly signed by all of the said directors and attested by the clerk together with a proper voucher accompanying each warrant, but the county treasurer refused and still refuses to pay the said warrants unless they be countersigned by the county controller although then having and still having sufficient funds of the said appropriations in his hands therefor and accordingly the plaintiff duly submitted the said warrants and vouchers to the county controller and requested him to countersign the same, but he refused and still refuses so

to do and has returned them to the plaintiff without his countersignature.

The plaintiff has received in the course of the discharge of the duties of said employment sundry sums of money amounting to $437.49 which he has retained on account of said salary and he has tendered to the county controller credit for said amount on said warrants or payment thereout as might be preferred.

Wherefore the plaintiff verily believes that there is justly due from the defendant to the plaintiff the said sum of $720, less the said credit of $437.49, or $282.51, with interest from January 1, 1907, which though often demanded the defendant has refused and still refuses to pay.

*Error assigned* was in entering judgment for defendant on demurrer.

*Isaac Hiester*, for appellant.—The appellee had express as well as implied authority to employ the appellant to perform the duties required of him: Rosenthal v. Luzerne County, 11 Kulp, 183; Wyoming County Auditors, 14 Pa. Dist. Rep. 539; Com. v. Coyle, 185 Pa. 198; Jenkins's Twp. Case, 1 Kulp, 111; Belcher v. Lynn, 65 U. S. 508; Dechert v. Com., 113 Pa. 229; Roth v. Marshall, 158 Pa. 272; Runkle v. Com., 97 Pa. 328.

It was not necessary for the directors to enact an ordinance authorizing the employment of the appellant and to have such ordinance approved by the court of quarter sessions before employing him: McDade v. Chester, 117 Pa. 414; Cumru Twp. v. Directors of the Poor, 112 Pa. 264; Com. v. Bohan, 10 Kulp, 80; Howard v. Olyphant Boro., 181 Pa. 191; Shaub v. Lancaster, 156 Pa. 362; Paterson v. Barnet, 46 N. J. Law, 62; Kepner v. Com., 40 Pa. 124; Marshall v. Allegheny, 59 Pa. 455; Sallade v. Schuylkill County, 19 Pa. Superior Ct. 191; Field v. Girard College, 54 Pa. 233.

*Joseph R. Dickinson*, for appellee, cited: Com. ex rel. Hollenbach v. County Treasurer, 16 Pa. Dist. Rep. 481; Kepner v. Com., 40 Pa. 124; Howard v. Olyphant Boro., 181 Pa. 191; Marshall v. Mayor, etc., of Allegheny, 59 Pa. 455.

OPINION BY MORRISON, J., February 26, 1909:

The plaintiff sued in assumpsit for services rendered to the defendant corporation under employment by the action of a majority of the directors as shown by the minutes of the board of January 1, 1906, a stated meeting. The plaintiff was employed for one year at the salary of $60.00 per month; he appeared at the meeting and accepted the employment, dating from January 1, 1906. The plaintiff's claim was $720 with credits admitted of $437.49, leaving a balance due of $282.51, with interest from January 1, 1907. If the defendant's directors had lawful power to employ the appellant, there can be and is no other question raised as to the validity of his claim on this record.

The declarations aver clearly all that is necessary to show a good cause of action, if the law authorized the directors to so employ the plaintiff. The defendant demurred to the declaration, assigning five causes of demurrer. The learned counsel for defendant concedes that his grounds of demurrer Nos. 3, 4 and 5 are not good, and he and the learned court below rely on the first and second grounds to sustain the judgment on the demurrer in favor of the defendant. The learned court below held that the poor directors were without authority to employ the plaintiff, unless they acted under the seventh section of the Act of March 29, 1824, P. L. 200. That section reads: "That a majority of the directors shall, in all cases, constitute a quorum or board for the transaction of business, and shall have full power to make and ordain all such ordinances, rules and regulations, as they shall think proper, convenient and necessary for the direction, government and support of the poor and house of employment aforesaid, and of the revenues thereunto belonging, and all such persons as shall come under their care or cognizance: . . . . And provided also, "That the same ordinances, rules and regulations, shall not have any force or effect until they shall have been submitted to the court of quarter sessions, for the time being, of the said county of Berks, and shall have received the approbation of the said court."

It is conceded that the plaintiff was not employed under an ordinance, rule or regulation adopted in accordance with said

section.' The sixth section of said act authorizes the directors "to provide all things necessary for the reception, lodging, maintenance and employment of the said poor; to employ steward or stewards, and to require from him or them, an oath or affirmation, and such security for the faithful performance of his or their duties, as the board of directors shall deem expedient; and the said directors shall have power at pleasure to remove the said steward or stewards, and to employ, and at pleasure remove, a matron or matrons, physician or physicians, surgeon or surgeons, and all other necessary attendants for the said poor respectively."

It is contended by the counsel for plaintiff that this section of the act, with the implied power of the directors, to administer their office with discretion, confers ample power to sustain their contract of employment with the plaintiff. Under the act, they have general jurisdiction over the poor of the district, and their acts, done in good faith, and the exercise of that jurisdiction, unless prohibited by law are, generally speaking, binding.

The seventh section of the act of 1824, which is supposed to preclude the plaintiff from maintaining his action, does not seem to us to have the force attached to it by the court. The "ordinances, rules and regulations" therein referred to are evidently the standing laws controlling the administration of their office by the poor directors. They relate to a system of government to be employed in the administration of the important trust committed by the statute to the directors and are descriptive of different forms of legislation having the same practical significance. Very properly the judgment of the court of quarter sessions might be brought to bear as a safeguard against the indiscretion or incapacity of the board of directors. This judgment ought not, however, to be held to apply to all actions of the board relating to the discharge of their duties. The employment of an attorney to prosecute a suit or a contract with a milkman to supply milk for a given period or the employment of an agent to visit the infant children placed by the directors in family homes are not such acts as are governed by ordinance, nor such as need be, or can be, done by standing rules. The Act of June 13, 1883, P. L. 111, forbids the detention in any

poorhouse of children between two and sixteen years of age for a longer time than sixty days, with certain exceptions not here important, and the same act makes it the duty of those having such poor in charge to place them in respectable families in the state, or in some educational institution or home for children; and it is further made the duty of such officers to visit such children in person or by agent not less than once every six months and make needful inquiries as to their treatment and welfare and report thereon to the board of overseers or other officers charged with the care of such children. One of the important services rendered by the plaintiff, and for which he was specifically employed, was under this act, which gives express authority for the appointment of an agent. We can readily see, that there are many other instances where the services of a trusty person, employed as was the plaintiff, might be advantageous to the poor district. The learned court seemed to attach importance to the fact that the plaintiff is designated in his employment as a house agent, but the name designating his employment is not important. The material question is, was his employment within the discretion of the poor directors? We think it was. He is not elected to an office any more than would be a scrubwoman or janitor in the institution of which the directors have charge, unless the receipt of money on behalf of the directors might affect his employment in that particular. He is not holding any position created by law, but is rather an agent engaged for such services as may be developed during the course of the year, and he is at all times under the direction and control of the directors. Considerable is said in the opinion of the court in regard to the impropriety of permitting an agent, not under bond, to collect money belonging to the poor district. But the directors are responsible for all money received by him under their direction. Viewing the case in the light of the broad discretion vested in the poor directors and the character of the services rendered by the plaintiff, we think he is entitled to compensation on his contract.

The whole force of the argument of the court below and the counsel for the respective sides is directed toward the provisions of the act of 1824 which provides for the approval of ordinances,

rules and regulations. There are doubtless numerous employees about the poorhouse—laborers, farmers, washwomen, janitors, etc.—and they are probably changed from time to time, but we cannot think it was the intention of the legislature to require that the employment of such persons must be done by an ordinance, rule or regulation approved by the court of quarter sessions. The very nature of their employment forbids such formality and delay. If, in the exercise of their discretion, the board might employ the plaintiff to make one trip to a remote part of the county to examine the condition of a pauper child and report to the board, we see no reason why they might not engage the same person for that and similar services for a fixed period and for a stated compensation, if in their discretion that seemed a proper thing to do.

The learned court below finds reason for denying plaintiff's right to compensation in that the natural meaning of attendants for the poor is that of "such employees in and about the poorhouse as are needful to secure order, comfort, cleanliness and regular and adequate service to the inmates of the institution and an efficient and advantageous use of the property connected with it." It would seem to us that the duties performed by the plaintiff were of that character although, in the nature of the case, they were not in every instance performed on the poorhouse grounds. That argument seems to lose sight of the fact that the board had to look after children and presumably other paupers who were not in the poorhouse. The board in its discretion deemed it necessary to employ the plaintiff and this necessity is expressly averred in the declaration. Of course, the demurrer admits all material sufficient averments in the declaration. Why is not a person who waits on the poor outside the grounds, who need legal relief or removal, as much a necessary attendant as one who waits upon the poor inside the institution?

It is familiar law that a corporation, municipal or private, has not only the power expressly conferred upon it by the act of incorporation, but also such implied powers as are reasonably necessary to effectuate the powers expressed. The powers of corporations in carrying out the purposes of the corporation do

not differ from the powers of a natural person in accomplishing the same results under similar circumstances. This proposition is well sustained by Thompson's Commentaries on Corporations upon the implied power of corporations, secs. 5640, 5641, 5642 and 5643. The latter section reads: "All corporations have the implied power to employ agents to perform services for them, consistent with their general design."

It is true, public corporations are not to be charged unless authority exists in the law, but the authority may be implied as well as expressed. Judge Endlich in Interpretation of Statutes states the rule thus (sec. 419): "Where an act confers jurisdiction, it impliedly grants also the power of doing all such acts, or employing such means as are essentially necessary to its execution."

In Com. ex rel. v. Coyle, 185 Pa. 198, under the Act of March 11, 1837, P. L. 45, it is held that "the poor directors of Northampton county had the sole right to fix and determine the annual amount that will be required for the support and maintenance of the poor, and their action in the exercise of this power cannot be reviewed or controlled by the county commissioners."

In the present case, the directors in the month of January, 1906, as required by the act of March 29, 1824, made an estimate of the sum necessary for the support of the poor of Berks county for the year and forwarded the same to the county commissioners, who provided sufficient sums for the payment of the same and the salary of the plaintiff, etc. This is averred in the declaration, and it is further averred that the directors each month issued to the plaintiff a warrant on the county treasurer for the payment of his salary, but the county treasurer refused to pay the same unless they were countersigned by the county controller, and the latter officer refused to countersign the orders. The declaration states the plaintiff's cause of action, not on the orders, but for the services performed. It has been often decided that public officers acting within the scope of their authority are not to be interfered with in the exercise of their discretion nor the judgment or decision in such matters dictated by the courts: Dechert v. Com., 113 Pa. 229; Roth v. Marshall,

158 Pa. 272; Runkle v. Com., 97 Pa. 328. "The general rule applicable to the decisions of courts or of special officers to whom the determination of any particular matter is committed by law is that such determinations, when regularly made, are conclusive, and cannot be questioned or set aside, except in some mode specially provided by law:" 23 Am. & Eng. Ency. of Law (2d ed.), 372; citing in footnote many authorities.

The question of necessity need not be considered: Belcher v. Linn, 65 U. S. 508–526: "We hold . . . . that when power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion, the acts so done are, in general, binding and valid as to the subject-matter. The only question which can arise between an individual and the public, or any person, denying their validity, are powers in the officer and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive, legislative, judicial, or special, unless an appeal or other revision is provided for by some appellate or supervisory tribunal prescribed by law." To assume in the present case that there was no necessity for the employment of the appellant, would impeach the honesty of the poor board. The presumption of law is that officials act honestly and perform their duties.

The learned court below seems to concede that it may have been necessary to employ a person in the capacity in which the plaintiff was employed. But he sustains the demurrer for want of lawful power in the poor directors to employ the plaintiff except by ordinance, rule or regulation approved by the court. But it is not made obligatory upon the directors to enact ordinances, rules or regulations under the act of 1824. The provision of the act is to ordain such ordinances as they shall think proper and submit the same to the court of quarter sessions for approval. In our opinion, the provision of the act does not make it compulsory upon the directors to pass ordinances, etc.: McDade v. Chester City, 117 Pa. 414. We think that case establishes that the provision in sec. 7 of the act of 1824 as to the ordinances, etc., is merely permissive. We are, therefore, of the opinion that the power so conferred is a discretionary one and it

follows that the poor directors may exercise their official duties without such ordinances, rules or regulations.

The plaintiff was employed by a resolution of the board, but it was not such a resolution as required the approval of the court because it did not purport to regulate any of the affairs of the corporation. It was not in the meaning of the law an ordinance, rule or regulation requiring the approval of the court.

In Howard v. Borough of Olyphant et al., 181 Pa. 191, it was held: "A direction that enactments, regulations, ordinances and other general laws shall be recorded and advertised does not include resolutions which are not in their nature legislative and which do not take the place of ordinances." In the light of this decision, it would be idle to argue that a simple resolution employing the plaintiff for a year at $60.00 per month is legislative. See also Shaub v. Lancaster, 156 Pa. 362.

Tiedeman on Municipal Corporations, sec. 145, in part reads: "When a charter prescribes that by-laws and ordinances were to be submitted to the Mayor for approval, resolutions need not be." A simple resolution is sufficient if the action taken is merely declaratory of the will in a given matter and is in the nature of a ministerial act.

It has been held that the terms ordinances, rules, regulations and by-laws are all equivalent to the term ordinance, and that an ordinance means a local law prescribing a general and permanent rule.

In Sallade v. Schuylkill County, 19 Pa. Superior Ct. 191, we said "Without expressing a more decided opinion upon that question we may say this, that the mere name given to the place or position, unless public duties were attached to it, would not make it a public office."

The able and fair counsel for the defendant concedes in his printed argument that there is no defense to the plaintiff's claim on the merits. Not only does the demurrer admit the merits of the claim, but the learned counsel very candidly concedes that the defense is purely the legal one that the directors had no power to employ the plaintiff. There is not a hint in the argument that the plaintiff did not earn his wages nor that the sum stated in the declaration is not due and owing to him if the

448 WARNER, Appellant, *v.* POOR DIRECTORS.

Opinion of the Court—Dissenting Opinion. [38 Pa. Superior Ct.

court is wrong in holding that his employment was illegal. We are of the opinion that the learned court erred in sustaining the demurrer and there being no question of fact in dispute, we conclude that the judgment ought to be reversed, the demurrer overruled and judgment here entered in favor of the plaintiff.

The judgment is reversed, the demurrer overruled, and judgment here entered in favor of the plaintiff and against the defendant for $282.51, with interest thereon from January 1, 1907, and costs, including costs of this appeal.

Rice, P. J., Dissenting.

I cannot agree that the plaintiff was a "necessary attendant for the poor" within the meaning of section 6 of the act of 1824. Some of the most important duties attached to his position neither related directly nor indirectly to attendance on the poor, e. g. collecting money, and investigating merits of applications for relief. Poor directors may, under section 7, adopt ordinances, rules and regulations, relative to the affairs of the district, which undoubtedly may require for their proper execution the assistance of such a person, and in that case the power to employ or appoint him might be implied; but such an ordinance must be submitted to the quarter sessions for approval. The thought is well expressed by the learned judge below when he says: "We are accordingly led to the conclusion that the intention of the act of 1824 is (1) to leave the directors free to determine upon the employment of and enter into binding contracts with all such persons whose services may be deemed necessary as attendants in the primary sense above indicated; but (2) to permit them to make appointments additional to that of clerk and designed like it to serve the convenience of the directors, aid them in the discharge of duties and relieve them of labors which will otherwise have to be performed by themselves, only in so far as definite and formal ordinances, rules or regulations duly adopted by the directors and approved by the court, shall from time to time provide therefor. . . . . But when it comes to the employment of agents charged with duties originally devolving upon the directors themselves there is an unmis-

takable propriety in providing on the one hand for some check upon the not unnatural disposition of men to shift irksome burdens and responsibilities, and on the other hand for some supervision over the nature and wording of the terms and conditions to be prescribed in accordance with a broader experience and a more precise knowledge of settled forms and principles than can be justly expected from the directors." The resolution so called, affected the affairs of the corporation and was, in effect, an ordinance and governed by the principles enunciated in Kepner v. Commonwealth, 40 Pa. 124, at page 130, and numerous cases following its lead. If not so, then each year a resolution regulating the affairs of the corporation in the most important degree may be adopted and the salutary provisions of the proviso to section 7 be evaded. Upon the whole I think the case was well decided by the learned judge below and his judgment should be affirmed.

Judge PORTER authorizes me to say that he concurs in the foregoing dissent.