Commonwealth ex rel. Directors of Poor *v.* Gibson et al., Commissioners, Appellants.

Argued September 27, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*L. R. Rickard,* for appellants.—In the interpretation of a similar statute, it was held that the duty of the commissioners extends merely to the assessment and collection of the amount determined upon by the poor directors, and the payment of it when collected to said directors: Com. v. Coyle, 185 Pa. 198.

The Act of March 22, 1850, P. L. 239, was superseded by the Act of May 14, 1925, P. L. 762: Com. v. Brown, 210 Pa. 29; Graham v. Phila., 288 Pa. 152; Com. v. Curry, 285 Pa. 289; Snyder's App., 302 Pa. 259.

The directors have the power to borrow money in case of necessity or unforeseen emergency: Alexander v. Poor District, 63 Pa. Superior Ct. 356; Act of June 12, 1931, P. L. 524.

*T. A. Sampson,* of *Stranahan & Sampson,* with him *E. C. Moon,* for appellees.—The local Act of 1850 is not repealed by the Act of 1925, as amended by the Act of 1929: Com. v. Reese, 293 Pa. 398; Graham v. Phila., 288 Pa. 152.

The county commissioners are required to furnish the funds necessary for current work of the directors of the poor when needed, not exceeding estimate for the year: Com. v. Coyle, 185 Pa. 198; Warner v. Poor Directors, 38 Pa. Superior Ct. 437.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

The sole question involved in this appeal is whether the directors of the poor may compel the county commissioners by mandamus to supply funds on their requisition for poor purposes though the taxes levied for the annual expenses have not been collected. Section 5 of the Act of March 22, 1850, P. L. 239, under which the poorhouse of Mercer County was created, reads: "It shall be the duty of the said directors......to furnish the commissioners......with an estimate of the probable expense of the poor and poor house for one year." It is the duty of the commissioners to assess and

collect a tax for the amount of this estimate which is to be paid the directors by the county treasurer on warrants drawn in their favor by the county commissioners as the same may be found necessary.

Section 222 of the General Poor Relief Act of May 14, 1925, P. L. 762, contains substantially the same provisions, requiring the county commissioners, upon requisition of the directors of the poor, to collect a tax annually for the purpose of paying for the support of the poor, current expenses and salaries; taxes for this purpose are to be levied and collected in the same manner as county taxes.

The directors of Mercer County did file, in November, 1931, an estimate of the probable expenses for poor purposes for the year 1932 with the county commissioners. The commissioners have furnished money for poor purposes from January 1 to February 11, 1932, but have refused to furnish further funds. The poor authorities declare they are in need of such funds to carry on their duties. The reason given by the commissioners for refusing to pay the money necessary for poor purposes is that the taxes levied for 1932 have not been collected by the county.

Appellant urges that the General Relief Act of 1925, covering all poor districts in the Commonwealth, repeals the Act of 1850 where the same is in conflict, and that under the later act the commissioners cannot be compelled by mandamus to pay until they have received the money for the purpose through taxation. We have not decided whether there is a specific or implied repeal of so much of the Act of 1850 as is in conflict, nor is it necessary to the decision in this case as section 5 of the Act of 1850 and section 222 of the Act of 1925 are in substantial accord.

The plain import of section 222 and section 5 is that the county commissioners are the medium through which the poor board must secure the funds necessary to perform its duties. The poor board of Mercer County

was constituted a body politic, with limited powers, and, while perhaps not of equal rank with the county commissioners, within their sphere of action their powers are exclusive and complete. Their estimates to the commissioners, apart from fraud, are final and conclusive with the county: Com. ex rel. v. Coyle, 185 Pa. 198; Warner v. Poor Directors, 38 Pa. Superior Ct. 437. A tax must be levied to provide the funds necessary to meet this estimate. In some counties a poor tax is levied, in others the millage to cover the estimate is included in the general county tax. As a rule these taxes are collected in the summer and fall. Meanwhile it is not to be supposed the poor authorities shall wait and go without funds necessray to meet their obligations. The poor would be left in a deplorable plight if there were no means created by which the immediate necessary cost of their maintenance could be met. Therefore, when the estimate is given in the latter part of the year for the ensuing year, whether the taxes then or thereafter levied to meet these requirements are collected or not, the county commissioners may use the general funds of the county, or under their general powers they may borrow money to provide such funds: Athens National Bk. v. Ridgebury Twp., 303 Pa. 479; Georges Twp. v. Union Trust Co., 293 Pa. 364. The amount of these advances or loans may be repaid or liquidated through the taxes levied and collected to meet the yearly estimate of the poor authorities. Inasmuch as money must be supplied by the county to meet the poor board's annual necessities, and as the yearly estimates must include all estimated expenditures for the year, the unexpended or unencumbered estimates at the end of the year lapse and for the same reason the unexpended or unencumbered funds arising from unused or uncollected taxes go to the general fund of the county. The auditor's or controller's report for the year determines these questions.

The order of the court below is affirmed.