## Myers et al. v. Nelley et al.

*David M. Wallace* for directors of the poor.
*Walter R. Sohn,* for county commissioners.

HARGEST, P. J., September 17, 1937. — This matter comes before us upon a petition for a declaratory judgment. Under the Act of May 14, 1925, P. L. 762, the directors of the poor are required to estimate and submit to the county commissioners what sums will be necessary to discharge their duties during the next year and the county commissioners have no discretion in the payment of such sums; it is mandatory upon them to draw orders for the sums budgeted to them by the directors of the poor: Commonwealth ex rel. v. Gibson et al., Commrs., 309 Pa. 323. On the other hand, The General County Law, as amended July 18, 1935, P. L. 1184, in section 3, provides that the county commissioners after having prepared and adopted the annual budget, and levied a tax sufficient to provide for the needs therefor, shall purchase no materials, shall make no contracts, and shall issue no orders for the payment of any moneys by them which will cause the sums appropriated in said budget to be exceeded.

For the year 1937 the directors of the poor requisitioned $280,000, of which $165,650 was specified for outdoor relief, and that amount of money has been appropriated by the county commissioners for such purposes.

On July 29, 1937, the poor directors by letter dated July 29, 1937, and made part of the petition for this judgment, advised the county commissioners that because of the unforeseen conditions and unexpected demands for outdoor relief the sum appropriated would be insufficient;

and by supplemental letter, dated September 2, 1937, indicated that by the end of September the amount would be exhausted and that it would be necessary to have an additional appropriation of $67,000 to take care of the necessary demands for outdoor relief for the remainder of the year.

As the matter now stands there are two conflicting statutes, one giving the poor directors the right to requisition and the county commissioners no voice in determining the amount of their requisition, and by that statute being required to pay the full amount to the directors of the poor; the other statute positively prohibiting the county commissioners from paying any more money or drawing any orders in excess of the sum appropriated in the annual budget.

It is apparent that an emergency exists. One of the primary duties of government is to provide for the poor. And we are of the opinion that even in the face of the words of the statute to the contrary, governmental functions must be carried out, particularly where an emergency is at hand. As between these two existing statutes the observance of the one which permits the Government to function is the one which should be obeyed. Under this petition for declaratory judgment it is apparent, and we so find, that an emergency exists which confronts both the directors of the poor and the county commissioners. And we are of the opinion that provision must be made to properly care for the poor of the county until the next annual appropriation can be properly made.

And now, September 17, 1937, it is hereby adjudged and declared that under all of the circumstances it is the right and duty of the county commissioners to honor the additional requisition of the directors of the poor of the district comprising the County of Dauphin, to the extent that the directors of the poor find absolutely necessary to provide for the poor of the county for the balance of the calendar year.