## Bucks County Commissioners' Petition

*Gordon Luckenbill*, for county commissioners.
*Lawrence Monroe*, for county controller.

KELLER, P. J., March 16, 1942.—This matter is before us in the nature of a case stated upon a petition

by the County Commissioners of Bucks County, in which the county controller joined, for a declaratory judgment or decree determining whether or not the commissioners, in their capacity as the executive and administrative officers of the Bucks County Institution District, have authority and power under the law to appoint some suitable and qualified person as attorney or solicitor for the Bucks County Institution District at a compensation to be fixed by petitioners and to be paid from the funds of the district.

According to the averments contained in the petition the Commissioners of the County of Bucks, in their capacity as the executive and administrative officers of the Bucks County Institution District, on January 2, 1942, notified the county controller that it was their intention to appoint some suitable and qualified attorney at law of the County of Bucks to represent them and the said institution district in legal matters and to advise, aid, and counsel them and the said district in all matters requiring legal aid and knowledge in the handling, management, and control of the fiscal and other affairs of the institution district, at a salary or compensation to be fixed in the sum of $500 per annum, and requested the controller to make provision for payment of such compensation by an appropriation in the annual budget for the year 1942, which he was then preparing for submission to the commissioners.

Subsequently, to wit, on January 23, 1942, the controller, by written notification, informed and advised the commissioners that they were without authority or power in law to employ legal counsel for themselves, as executive and administrative officers of the institution district, or for the said district, for the purposes requested, as aforesaid, or for any other purpose or reason whatsoever pertaining to said institution district; that he would make no provision in the annual budget for the appropriation of any sum or sums of money for the payment of compensation of any person appointed

as such solicitor; that they were not to appoint any person as such counsel or solicitor or to enter into any contract with any person to act as such counsellor or solicitor; and that, in the event they appointed and employed any person as such counsel, he, the said controller, would not approve any warrant or warrants drawn upon the county treasurer for the payment of any compensation whatsoever to such person from the county or institution district funds.

It is the commissioners' contention that it is necessary, in order to enable them properly to perform their duties as the administrative authorities of the institution district, that they have an attorney to advise, aid, and counsel them on matters requiring legal aid and knowledge in the handling, management, and control of the affairs of the district, and, therefore, they are authorized and empowered under the law to appoint some suitable and qualified person to act as such attorney at the expense of the district. The controller, on the other hand, denies that they have any such right or authority. Consequently, there exists between these two branches of our county government an actual controversy, thereby giving this court, in the exercise of its discretion, jurisdiction in the premises: Act of June 18, 1923, P. L. 840, 12 PS §831, as amended by the Act of April 25, 1935, P. L. 72, sec. 1; Mansfield Borough School Dist. v. Mansfield High School Assn., 9 D. & C. 113; School District of Union Twp. v. Walton et al., 76 Pitts. L. J. 257; In re Dunmore School Dist., 38 York L. R. 80; Kariher's Petition (No. 1), 284 Pa. 455.

As a direct result of the recommendations made by the Pennsylvania Committee on Public Assistance and Relief in 1936, the legislature of this Commonwealth enacted several measures intended as a new and more effective method of administering poor relief in the Commonwealth. One of these enactments, the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2251, provides for a uniform and comprehensive system for institutional care of the poor, including per-

sons with physical or mental infirmities and children needing foster care. Section 301 of this act provides as follows:

"Each county, as herein defined, is hereby created a district to be known as '. . . County Institution District,' which district shall be a body corporate with the capacity to sue and be sued, to take, hold, lease and convey real and personal property, and to make contracts. The property, real and personal, and the obligations of each existing county poor district are hereby transferred to, vested in, and imposed on, the institution district of that county. Any property so transferred or vested shall, if suitable, be used for the purposes of administering this act, or to be disposed of as provided in this act."

By section 302 it is provided that the commissioners of each county shall be the executive and administrative officers of the institution district of the county and the county treasurer shall be its treasurer. The office of county poor director is abolished and the terms of the poor directors terminated.

Although the act specifies certain powers of the administrative officers as to the care of dependents and children and imposes upon them comprehensive duties, including matters which, necessarily, require legal services from time to time, there is no specific provision therein providing for the appointment of a solicitor or attorney for the institution district, as was contained in The General Poor Relief Act of May 14, 1925, P. L. 762, sec. 211, as amended by the Act of April 11, 1929, P. L. 519, which specifically authorized the directors of the poor to elect and fix the compensation of a superintendent, a matron or matrons, a physician, an attorney, a trained welfare worker or workers, and all other necessary employes and assistants. The only specific authority in the County Institution District Law of 1937, providing for the appointment of em-

ployes, is contained in section 306, 62 PS §2256, as follows:

"The commissioners of each county shall have the power to appoint, remove and fix the compensation of all necessary employes of the institution district, and to require of any employe security for faithful performance."

It is because of the absence of a specific provision authorizing the employment of an attorney or solicitor that the county controller questions the authority of the commissioners to appoint such attorney and contends that this failure to make such a provision was not an oversight of the legislators in framing the act, but that it indicates a clear intention on the part of the legislature that the district and its officers should have no such authority.

We are unable to agree with the controller in the position he has assumed. By the Act of 1937, the Institution District of Bucks County is a separate body corporate and, as its administrative officers, the county commissioners are chargeable with the management of its affairs which, inter alia, include the maintenance and operation of the Bucks County Hospital, Home and Poor Farm. This necessarily involves the employment of such persons as may be essential properly to administer the affairs of the district for the purpose for which it has been created. While the act imposes a large number of specific duties and powers, many duties incumbent upon the commissioners which are necessary in the proper management of the affairs of the district are not specified. Particularly is this true with reference to the appointment of employes. Unlike the Act of 1925, the present act fails to designate what employes the commissioners may appoint, merely providing that they shall have "the power to appoint, remove and fix the compensation of all necessary employes of the institution district . . ." This power, as thus expressed in the act, is, in our opinion, sufficiently broad in its implication to authorize the commissioners to ap-

point a physician, superintendent, matron, farmer, and such other agents, assistants and employes as may be necessary for the efficient operation and maintenance of these institutions, notwithstanding they are not specifically designated in the act.

It is a general and undisputed proposition of law that public or municipal corporations possess and can exercise not only those powers granted by express words, but also those necessary or fairly incident to the powers expressly granted and those implied because essential to the accomplishment of the declared objects and purposes of the corporation: 1 Abbott on Municipal Corporations 190, sec. 109; 1 Dillon on Municipal Corporations (5th ed.) 448, sec. 237; 43 C. J. 193, §190 et seq. This principle is applicable to the power of employment. A municipality has power to employ a person for a particular kind of work when and only when authority to do so has been conferred upon it by statute or charter. The grant of such power, however, need not necessarily be expressed or specific, but it may be implied either as an incident to the exercise of a power expressly granted, or as necessary to enable the corporation to effect the objects and purposes for which it was created and established. Accordingly, a public or municipal corporation, in the absence of any specific authority, has the power to employ a person for a particular kind of work, when such employment is found necessary to enable the corporation or agency properly to effect the declared object and purpose for which it was created. The right to determine the necessity of the appointment is generally vested in the appointing authority. As we have already noted, the Board of Commissioners of the County of Bucks, as the administrative agency of the Bucks County Institution District, is a creature of statute and, as such, it is vested with and possessed of just such powers, rights, privileges and franchises, corporate and jurisdictional, legislative and ministerial, as the statute expressly con-

fers upon it and such as are clearly and necessarily implied to enable it to carry out and accomplish the objects and purposes of its creation: 7 R. C. L. 938, §15; 43 C. J. 602, §982.

It has been generally recognized that a public or municipal corporation has an implied power to employ counsel to render service in matters of proper corporate interest: 43 C. J. 890, §1620; also, that poor law officers have implied authority to employ counsel within the scope of the duties of their office: 48 C. J. 439, §19. Our Pennsylvania courts have frequently passed upon and recognized the implied power of administrative boards of municipalities to employ counsel, at an annual compensation, to serve and aid them in matters within the scope of the duties of their office, if it became necessary and, in their discretion, they saw fit to do so, notwithstanding there was no express legislative authority therefor. These include the employment of a borough solicitor prior to the passage of the enabling Act of April 25, 1907, P. L. 103: Commonwealth ex rel. v. Jennings, 9 Lack. Jur. 210, 213, affirmed by Supreme Court, sub. nom. Bonner v. Jennings, 224 Pa. 391; Krampf v. Ashland Borough Council, 42 Pa. C. C. 285; also for townships of the first class in which there was no provision prior to The First Class Township Law of June 24, 1931, P. L. 1206, sec. 1201, or in townships of the second class prior to The Second Class Township Law of May 1, 1933, P. L. 103, sec. 580.

The particular question herein involved has already been passed upon by the Superior Court in Warner v. Berks County Poor Directors, 38 Pa. Superior Ct. 437, which proceeding involved the right and power of the Berks County Poor Directors, under the Act of March 29, 1824, P. L. 200, which regulated the administration of poor relief in Berks County, to appoint a house agent to investigate claims for relief and prevention of frauds upon the county, as well as certain other employes for which no provision was made in the act. The

sixth section of the act authorized the directors "to provide all things necessary for the reception, lodging, maintenance and employment of the said poor; to employ a steward or stewards, and require from him or them an oath or affirmation, and such security for the faithful performance of his or their duties as the board of directors shall deem expedient; and the said directors shall have power at pleasure to remove the said steward or stewards, and to employ, and at pleasure remove, a matron or matrons, physician or physicians, surgeon or surgeons, and all other necessary attendants for the said poor respectively."

Suit was instituted by the plaintiff, who had been appointed house agent as aforesaid, for which no specific provision was contained in the act, to recover his salary, to which defendant filed a demurrer which was sustained by the lower court upon the ground that the directors were without authority to make the appointment unless they complied with section 7 of the act and secured the approval of the court of quarter sessions. Upon appeal, the Superior Court, Morrison, J., speaking for the majority of the court, in reversing the lower court and holding that, under the act, the directors had authority, in the exercise of their discretion and without an ordinance, rule, or regulation approved by the court of quarter sessions, to appoint an agent by the year, with a fixed salary per month, to investigate applications for relief, to remove paupers and children when necessary, to collect moneys for the poor district, and to do such other work as might be required of him by the directors, said (p. 444) :

"It is familiar law that a corporation, municipal or private, has not only the power expressly conferred upon it by the act of incorporation, but also such implied powers as are reasonably necessary to effectuate the powers expressed. The powers of corporations in carrying out the purposes of the corporations do not differ from the powers of a natural person in accom-

plishing the same results under similar circumstances. This proposition is well sustained by Thompson's Commentaries on Corporations upon the implied power of corporations, secs. 5640, 5641, 5642 and 5643. The latter section reads: 'All corporations have the implied power to employ agents to perform services for them, consistent with their general design.'

"It is true, public corporations are not to be charged unless authority exists in the law, but the authority may be implied as well as expressed. Judge Endlich in Interpretation of Statutes states the rule thus (sec. 419) : 'Where an act confers jurisdiction, it impliedly grants also the power of doing all such acts, or employing such means as are essentially necessary to its execution.' "

The question again came up in the Common Pleas Court of Berks County in a similar action brought by the person selected as attorney for the board of poor directors and the court, in overruling the demurrer, followed the decision of the Superior Court in Warner v. Berks County Poor Directors, supra, and held, as appears in the syllabus, that the poor directors had the authority, in the exercise of their discretion and without an ordinance, rule, or regulation, approved by the court of quarter sessions, to appoint an attorney by the year with a fixed salary per month, to act for them in legal matters: Dickinson v. Poor Directors, 2 Berks L. J. 26.

We know from experience and observation that the commissioners, as administrators of the Bucks County Institution District, are continually confronted with problems and duties requiring legal counsel and assistance. Whether the failure to provide for a solicitor was the result of an oversight or by design, we do not believe that it was contemplated by the framers of this legislation that the county solicitor should be the legal advisor to the commissioners in said capacity. Neither do we consider it fair or just that the county solicitor

should, in addition to his many other duties, be required to act as legal advisor and counsellor for the institution district. Accordingly, we are of the opinion that the county commissioners, acting in their capacity as administrators of the institution district, have ample implied power and authority under the act to appoint an attorney to act as legal counsel for the said district.

And now, to wit, March 16, 1942, the court hereby concludes and declares that the Commissioners of the County of Bucks are empowered to, and under the law may, in their capacity as administrators of the Bucks County Institution District, appoint some duly-qualified person, learned in the law, as attorney and counsel for said district for such term or period, and at such fixed compensation, made payable monthly or annually, from the funds of the said district, as the commissioners, in the exercise of their best judgment and discretion, may determine.